## DORAS ADLER v. THE STATE.

When a defendant appeals in a case of misdemeanor, he must either be committed to jail or enter into a recognizance to appear before the district court to abide the judgment of the Supreme Court. (Paschal's Dig., Art. 3186, Note 770.)

The requirements of the recognizance are prescribed in article 263 of the code; therefore it must state the time, place, and the offense, as well as the court in which the party is required to appear. (Paschal's Dig., Art. 2731, div. 3, Note 708; Payne v. The State, 30 Tex., 397; Wilson v. The State, 25 Tex., 171.)

APPEAL from Galveston. The case was tried before Hon. JAMES LOVE, judge of the county court.

Doras Adler was tried and convicted of keeping a disorderly house. She appealed. The condition of the recognizance was "that the said Doras Alder make her personal appearance before this court from term to term, to abide the decision of the Supreme Court, and shall pay all costs which may accrue in the Supreme Court, provided the decision of said court shall be adverse to the appeal, and shall not depart the court without the leave thereof."

The case turned upon the sufficiency of the recognizance.

*E. B. Turner, Attorney General,* moved to dismiss the appeal, and cited Paschal's Dig. Art. 2731, Note 708.

*A. P. Wiley,* for appellant, argued the case upon its merits.

LINDSAY J.—The conviction of the appellant, which is sought to be revised in this case, was had upon an indictment for a misdemeanor, upon the charge of keeping a disorderly house in the city of Galveston.

When a party defendant appeals from a judgment, in any case of misdemeanor, he must either be committed to jail or enter into a recognizance to appear before the district court to abide the judgment of the Supreme Court. The criminal code requires that also, in addition to the acknowledgment of the defendant and the sureties of their indebtedness to the state in the sum fixed by the court, there shall be stated in the recognizance the offense with which the defendant is charged, and that it shall appear by the recognizance the defendant is accused of an offense against the laws of the state, besides the other requisites of time, place, and the court before whom the defendant is to appear. This is of universal application in all cases where a recognizance is required. The recognizance in this case is defective, in not setting forth any offense with which the appellant is charged. Without a sufficient recognizance,

this court does not properly have jurisdiction of the case. The appeal is therefore

DISMISSED.